[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  10-10338
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00028-MCR-1

UNITED STATES,

Plaintiff-Appellee,

versus

GERARDO MORA CERANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 17, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerardo Mora Cerano appeals his sentence of 240 months' imprisonment for

conspiring to posses 5 kilograms or more of cocaine with intent to distribute and possessing 5 kilograms or more of cocaine with intent to distribute.  *See* 21 U.S.C. §§ 841(a)(1)-(b)(1)(A) & 846.  Mr. Mora contends that the sentence imposed by the district court was unnecessarily lengthy and, therefore, substantively unreasonable.  After reviewing the record and the parties' briefs, we affirm.

We review a sentence for substantive reasonableness under an abuse of discretion standard.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).[1]  Reversal is appropriate if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the  [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The district court found – and there is no challenge to this finding on appeal – that Mr. Mora distributed 42.5 kilograms of cocaine.  That quantity of drugs, combined with a Criminal History Category of II, established an advisory range of 210-262 months' imprisonment under the Sentencing Guidelines for Mr. Mora.  *See* D.E. 199 at 41.  At sentencing, Mr. Mora, through counsel, requested a sentence

---

[1]
The government argues that we should review only for plain error, but we need not address this contention because the sentence is reasonable under the abuse of discretion standard.

toward "the lower end of the guidelines." *See id.* The government, in contrast, sought a sentence at the top of the guidelines. *See id.* at 45-46. The district court, as noted above, sentenced Mr. Mora to 240 months' imprisonment after indicating that it had considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a) and noting that the sentence was sufficient, but not greater than necessary, to comply with the purposes of sentencing. *See id.* at 47-48.

Because Mr. Mora did not request a variance, and sought only a sentence near the lower end of the guidelines – i.e., a sentence of around 210 months – his challenge on appeal is to a sentence which is, at most, 30 months more than he requested.[2] We ordinarily expect that a sentence within the advisory guidelines will be reasonable, *see United States v. Hunt,* 526 F.3d 739, 746 (11th Cir. 2008), and on this record, we cannot say that the district court's 240-month sentence constituted an abuse of discretion. First, there was evidence that Mr. Mora sold one of the kilogram of cocaine for $30,000. *See* D.E. 198 at 31. Using that figure as a ballpark price, Mr. Mora's sales totaled approximately $1 million. Mr. Mora, in short, was not a small-time dealer. Second, Mr. Mora committed the narcotics offenses after re-

---

[2] We do not mean to suggest that 30 months in custody is insignificant for Mr. Mora (or for any other defendant). We note only that, because of his request to the district court for a sentence towards the lower end of the guidelines, the reasonableness challenge is to a sentence that is at most 30 months more than he asked for.

entering the country illegally.  Third, Mr. Mora used a number of aliases.  Fourth, the district court found that Mr. Mora had obstructed justice by providing false testimony at the bench trial.  *See* D.E. 199 at 41.  Indeed, the district court said that it was "unable to accept anything that [Mr. Mora] ha[d] testified about."  *Id.* at 40.

Mr. Mora nevertheless asserts that the district court should have given more weight to the fact that he will be deported to Mexico once he completes his sentence.  As Mr. Mora puts it, he "will have no reason to try and re-enter the [United States] once he is free" and in "middle age with no family or community ties here[.]"  Appellant's Br. at 29.  That argument does not carry the day for Mr. Mora, who has already chosen to re-enter the country illegally, with no family or community ties, to sell drugs.  And, because there is no mandatory retirement age for those in the drug trade, there is no guarantee that Mr. Mora, who will be in his mid-50s when he finishes his sentence, will choose to engage in legitimate work once he is released.

**AFFIRMED.**